MERIT LIFE INSURANCE COMPANY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Merit Life Ins. Co. v. Commissioner
Docket No. 13441-78.
United States Tax Court
T.C. Memo 1986-480; 1986 Tax Ct. Memo LEXIS 124; 52 T.C.M. (CCH) 658; T.C.M. (RIA) 86480; September 25, 1986. *124 Bernard J. Schoenberg and Michael Neil Gendelman, for the petitioner. Seymour I. Sherman, for the respondent. JACOBS
MEMORANDUM OPINION JACOBS, Judge: Respondent determined deficiencies in petitioner's Federal income taxes as follows: Year
Deficiency
1972
$30,867.22
1973
344,269.10
1974
388,015.09
1975
681,259.08
After concessions, the only issue for decision involves the current deductibility vis-a-vis the amortization of ceding commissions paid in coinsurance transactions. Petitioner, the reinsuring company in five coinsurance transactions, contends that it may currently deduct the ceding commissions which it paid to (or which were retained by) the ceding company. Respondent contends that such commissions must be amortized over the anticipated lives of the reinsured insurance policies. The facts of this case have been fully stipulated pursuant to Rule 122 [1] and are so found. Petitioner, an Indiana corporation organized in 1957, had its principal place of business in Evansville, Indiana at all relevant times, including the date its petition was filed. *125 Petitioner engaged in the insurance business in Indiana and in numerous other states; its principal insurance risks during the years in issue consisted of life contingencies originally written by it and the reinsuring of policies written by other insurance companies. When a company issues a policy or contract of permanent life insurance, it must thereafter reflect as a liability, designated by the term "reserve", the excess of the then present value of future benefits payable under the policy over the then present value of future net premiums to be received, computed as applicable state laws or regulations prescribe. The required reserve amount constitutes a liability against which the company must maintain cash or other assets. Further, the reserve amount reduces the surplus of the company available for general corporate purposes, including distributions to shareholders. Reinsurance is an arrangement whereby an insurance company transfers some or all the risks it has underwritten to another insurance company. The company transferring the risk is known as the ceding or reinsured company; the company acquiring the risk is known as the assuming or reinsuring company or simply *126 the reinsurer. One significant effect of a reinsurance transaction is to release the reserves (and thus restore or increase the surplus) of the ceding company. Reinsurance transactions may be classified into two categories: (1) assumption reinsurance, [2] and (2) coinsurance, which is also known as indemnity reinsurance. This case involves only coinsurance transactions. In a coinsurance transaction, the ceding company transfers to the reinsuring company all or part of its liability on the reinsured policies, but it remains directly liable to the policyholders, collects premiums, and pays claims and expenses. *127 [3] The ceding company reduces its reserves attributable to the transferred liabilities, and the reinsuring company increases its reserves to cover the acquired risk. The reinsuring company pays the ceding company a commission for the reinsured insurance policies. The net result is that the reinsuring company assumes a reserve liability in excess of the consideration actually received from the ceding company. *128 Petitioner entered into five reinsurance transactions from September, 1973 through December, 1975 with American General Life Insurance Company of Delaware, or with American General Life Insurance Company of New York (both of these companies herein are referred as to American General). In each transaction, petitioner reinsured, on a coinsurance basis, life insurance policies originally written by American General. The required increase in petitioner's reserves, the total consideration received from American General and the ceding commission paid to (or retained by) American General in each transaction were as follows: 1. Transaction date: September 1, 1973
Required increase in reserves
$6,548,458
Consideration from American General
5,133,991
Ceding Commission retained by
$1,414,467
American General
2. Transaction date: April 1, 1974
Required increase in reserves
$5,516,712
Consideration from American General
5,516,712
Ceding Commission paid to
$ 475,000
American General
3. Transaction date: December 1, 1974
Required increase in reserves
$1,526,523
Consideration from American General
1,103,310
Ceding Commission retained by
$ 423,213
American General
4. Transaction date: October 1, 1975
Required increase in reserves
$4,893,639
Consideration from American General
4,893,639
Ceding Commission paid to
1,600,000
American General
5. Transaction date: December 1, 1975
Required increase in reserves
$1,443,557
Consideration from American General
1,028,658
Ceding Commission retained by
414,899
American General
*129 In its tax returns for 1973-1975, petitioner included in income the full amount of required increases in reserves, and deducted the ceding commissions paid to or retained by American General. [4] Respondent, in his notice of deficiency, disallowed the deduction for the ceding commissions on the basis that such amounts were attributable to the acquisition of capital assets, for which only amortization over the anticipated useful lives of the reinsured policies was allowable. In , we addressed the issue of whether ceding commissions paid by a reinsuring company in an indemnity reinsurance (coinsurance) transaction are currently deductible. We held that they were. We further held that the reinsuring company must include in income the full amount of the reserve liability assumed in the indemnity reinsurance (coinsurance) transaction. The net result was that only the consideration *130 received from the ceding company was included in the taxable income of the reinsurer. . Respondent asks us to reconsider our decision in Beneficial Life. We decline to do so, and we adhere here to our decision in that case. [5]
To reflect concessions by the parties, Decision will be entered under Rule 155.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and as in effect during the taxable years in issue.↩
2. In assumption reinsurance, the ceding company transfers some or all of its policies to the reinsuring company. The reinsuring company steps into the ceding company's shoes, and becomes directly liable to the policyholders. The reinsuring company also assumes, with respect to the policies transferred, the reserve liability and entitlement to all future premiums. Correlatively, the ceding company is relieved of the reserve liability and, accordingly, reduces its required reserves. .↩
3. Modified coinsurance is a type of coinsurance which differs from conventional coinsurance in that the ceding company retains the reinsured assets, continues to carry the reserves on its books and collects any investment income derived from assets supporting the reserves. However, if the parties consent under section 820(a), the ceding company's retention of assets and corresponding reflection of reserves are treated for tax purposes as being merely custodial for the reinsuring company's behalf. Consequently, the same transfer of reserves from the ceding company to the reinsuring company takes place as in conventional coinsurance. Although two of the transactions herein were modified coinsurance transactions, the parties made the applicable consent under section 820(a); for tax purposes, then, the same results obtain as if conventional coinsurance had been used. Therefore, we will use the generic term, coinsurance, to describe all the transactions herein.↩
4. With respect to the December 1, 1974 transaction, petitioner simply included $1,103,310 in income, rather than including the full required reserve amount and then claiming a deduction for the ceding commission.↩
5. We reached the same conclusion on similar facts in ; ; .↩